BRES

FILED

AUG 1 7 2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>GOLD STRIKE HEIGHTS<br>HOMEOWNERS ASSOCIATION,<br><br>        Debtor.<br>_____ | Case No. 15-90811-E-7 |
| INDIAN VILLAGE ESTATES, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>GOLD STRIKE HEIGHTS<br>ASSOCIATION, a California corporation;<br>et al.,<br><br>        Defendants.<br>_____ | Adv. Proc. No. 15-9061 |

**This Memorandum Decision is not appropriate for publication.
It may be cited for persuasive value on the matters addressed.**

**MEMORANDUM OPINION AND DECISION DENYING
MOTION FOR SUMMARY JUDGMENT
AND
DETERMINING FACTS PURSUANT TO FED. R. CIV. P. 56(g)
and
FED. R. BANKR. P. 7056**

Indian Village Estates, LLC ("Plaintiff" or "Indian Village") initiated this adversary proceeding against Gold Strike Heights Association, et al. ("Defendants") by filing a complaint with the Calaveras County Superior Court on September 7, 2015 (the "Complaint"). In its Complaint, Plaintiff requests a judgment for the following:

1. For a declaration that the 2002 and the 2007 corporate entities are now and have always been separate and distinctive corporate entities and have not been merged either by official action or by operation of law.

2. For a declaration that the non-judicial foreclosure of Plaintiff's 31 lots was wrongful.

3. For an order vacating any and all Trustee's Deeds that may have been recorded.

4. For an order vacating and setting aside the foreclosure sale.

5. For an order quieting title in favor of Plaintiff and against all Defendants.

6. For compensatory, special, general, and punitive damages according to proof against all Defendants.

7. For civil penalties pursuant to the applicable statutes and reasonable attorneys' fees according to proof.

8. For costs of suit herein incurred.

9. For such other and further relief as the Court may deem proper and just.

Gold Strike Heights Homeowners Association ("Gold Strike 2007") filed a bankruptcy petition with this court on August 20, 2015. Gary Farrar, the Chapter 7 Trustee, removed the instant case to the United States Bankruptcy Court, Eastern District of California on November 18, 2015.

On June 9, 2016, Clifford W. Stevens, attorney for the Chapter 7 Trustee, filed the instant Motion for Summary Judgment or alternatively for Partial Summary Judgment (the "Motion"). The Motion requests that the court grant summary judgment in his favor and against Plaintiff on each of the six causes of action in the complaint, or alternatively, the Defendant-Trustee requests the court grant partial summary judgment in his favor and against Plaintiff as to any individual causes of action or specific requested relief that involves validating the foreclosure, setting aside the sale of the Property, or cancelling the trustee's deeds upon sale.

///
///
///
///
///
///
///

# FACTS ASSERTED AS UNDISPUTED BY DEFENDANT-TRUSTEE AND RESPONSE BY PLAINTIFF

The parties have proffered the following information as to disputed and undisputed facts:

| MOVING DEFENDANT-TRUSTEE'S UNDISPUTED FACTS (Dckts. 37, 53) **Identified by Paragraph Number in Original Document** | MOVING DEFENDANT-TRUSTEE'S SUPPORTING AUTHORITY | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE Dckts. 43, 50 **Identified by Paragraph Number in Original Document** |
|---|---|---|
| 1. The subject property in this case consists of thirty-one (31) lots in the Gold Strike Heights Subdivision in Calaveras County, California that were previously owned by Plaintiff Indian Village Estates, LLC. (Collectively "the Property") | Complaint at ¶ 13 (Request for Judicial Notice, Exhibit A) | Undisputed. |
| 5. Each of the 31 Trustee's Deeds contains the following recitals: "All requirements of law regarding the mailing of copies of notices or the publication of the notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of Notice of Sale have been complied with. The 90 day redemption period pursuant to California Code of Civil Procedure §5715 has passed and the prior owner of the property has not exercised the right of redemption." | Trustee's Deeds (Exhibit D) | Undisputed. |
| 6. Indian Village Estates, LLC filed this lawsuit in the Superior Court of California, Calaveras County on March 20, 2015, alleging causes of action for wrongful foreclosure of the property, quiet title and slander of title with regard to the Property. | Complaint at pp. 11-16 (Exhibit A) | Undisputed. |

| | | |
|---|---|---|
| 7. Indian Village Estates, LLC also seeks to set aside the trustee's sale and cancel the trustee's deeds that resulted from the foreclosure. | Complaint at ¶ 16 (Exhibit A) | Undisputed. |
| 8. There is no record that Indian Village Estates, LLC a Notice of Pendency of Action (or lis pendens) in Calaveras County with regard to its real property claims. | Declaration of Clifford Stevens ¶ 5. | Undisputed. |
| 9. Gold Strike Heights Homeowners Association filed its Chapter 7 Bankruptcy Petition on August 20, 2015. | Declaration of Clifford Stevens ¶ 3. | Undisputed. |
| 10. Gary Farrar is the Chapter 7 Trustee in the Gold Strike Heights Homeowners Association bankruptcy case (15-90811). | Declaration of Clifford Stevens ¶ 3. | Undisputed. |
| 11. On March 8, 2016, the parties filed a Joint Discovery Plan designating March 24, 2016 as the last day for the parties to complete their Initial Disclosures. | Joint Discovery Plan (Request for Judicial Notice, Exhibit E). | Undisputed. |
| 12. After the March 17, 2016 status conference, the court issued a Scheduling Order establishing that the last date to make initial disclosures was March 24, 2016. | Scheduling Order (Request for Judicial Notice, Exhibit F) | Undisputed. |
| **UNDISPUTED FACTS ASSERTED BY PLAINTIFF (Dckt. 44)** | | **RESPONSE CONFIRMING UNDISPUTED FACT (Dckt. 53)** |
| 1. Defendant Gold Strike Heights Homeowners Association is the debtor in bankruptcy case. | | Undisputed |

4

| | | |
|---|---|---|
| 10. On January 12, 2015, a "Trustee's Deed" was recorded by Gold Strike Heights Homeowners Association for each of the 31 lots with the Calaveras County Recorder that states that the purchaser of each lot was Gold Strike Heights Homeowners Association. | Defendant-Trustee's Request for Judicial Notice, Exhibit "D" | Undisputed. |
| **DEFENDANT-TRUSTEE RESPONSE (Dckt. 53)** | | **UNDISPUTED FACT ASSERTED BY PLAINTIFF (Dckt. 50)** |
| Undisputed | | 1. Defendant Gold Strike Heights Homeowners Association is the D=debtor in bankruptcy case. |
| Undisputed. | EVIDENCE: Trustee's Request for Judicial Notice, Exhibit "D". | 10. On January 12, 2015, a "Trustee's Deed" was recorded by Gold Strike Heights Homeowners Association for each of the 31 lots with the Calaveras County Recorder that states that the purchaser of each lot was Gold Strike Heights Homeowners Association. |

## PLAINTIFF'S OPPOSITION

Plaintiff filed a response to Defendant-Trustee's Motion on July 21, 2016. Dckt. 49. The Plaintiff asserts that there are material facts in dispute that preclude summary judgment. According to the Plaintiff, although the Defendant-Trustee claims that Gold Strike 2007 initiated the non-judicial foreclosure that is the subject of this dispute, all documentary evidence, which includes all the recorded foreclosure notices issued prior to and subsequent to the foreclosure, state that it is non-debtor and suspended corporation Gold Strike Heights Association ("Gold Strike 2002") that initiated this foreclosure.

Second, the Defendant-Trustee claims that Gold Strike 2007 purchased all the lots at a public auction on September 30, 2014. However, the recorded notices entitled "Certificate of Foreclosure Sale Subject to Redemption" state that non-debtor Gold Strike 2002 was the purchaser of the 31 lots.

5

1    Third, although the Defendant-Trustee claims that the purchase of the 31 lots is reflected in
2    each of the 31 "Trustee's Deeds" in favor of Gold Strike 2007 (recorded in Calaveras County on
3    January 12, 2015), the purchaser at the public auction was non-debtor Gold Strike 2002. These
4    deeds were prepared so as to act as a transfer of the real property from Gold Strike 2002 to Gold
5    Strike 2007 in violation of California Revenue and Taxation Code § 23302, which prohibits a
6    suspended corporation from transferring any interest in real property while under suspension.

7    Plaintiff asserts that an entity other than Gold Strike 2007 purchased the lots at issue. The
8    Plaintiff states that after the foreclosure sale conducted in September 2014 had concluded, Gold
9    Strike 2002 recorded 31 separate notices with Calaveras County recorder that stated that Gold Strike
10   2002 had purchased all 31 lots at the sale conducted on September 30, 2014. The declarations of
11   Don Lee and Mark Weiner corroborate that it was in fact Gold Strike 2002 who made a full-credit
12   bid on each of the 31 lots and that there were no other bidders for any of the 31 lots. Dckt. 45 and 46.

13   Plaintiff asserts that non-debtor Gold Strike 2002 never transferred any rights, assets, or
14   liabilities to Gold Strike 2007. Within the declarations of Don Lee and Mark Weiner are first-hand
15   factual statements that establish that Gold Strike 2002 never entered into any transfer of its assets,
16   liabilities, or rights to Gold Strike 2007.

17   Plaintiff asserts that California Revenue and Taxation Code § 23301 states that a suspended
18   corporation may not initiate a non-judicial foreclosure while under suspension. Furthermore, Plaintiff
19   contends that California Revenue and Taxation Code § 23302 states that a suspended corporation
20   may not transfer any interests it may have in real property while suspended.

21   Lastly, the Plaintiff argues that although Plaintiff Indian Village failed to file its initial
22   discovery disclosures, it is also true that Defendant-Trustee filed his initial disclosures on March 24,
23   2016, and withdrew them the following day on March 25, 2016. See Dckt. 28, 29 and 30.

24   The Plaintiff more generally argues that the Defendant-Trustee had constructive notice that
25   Gold Strike 2002 foreclosed on the 31 lots and yet the trustees deeds were to Gold Strike 2007 and
26   all of the documents of foreclosure were recorded in Calaveras County. The Plaintiff seems to view
27   this discrepancy as proof that no notice was given at all.

28   In support of all of these contentions, the Plaintiff filed the declarations of Mark Weiner and

6

Don Lee. Dckt. 45 and 46.

**DEFENDANT-TRUSTEE'S RESPONSE**

The Defendant-Trustee reiterated many of the same arguments and points that were made in the initial Motion for Summary Judgment. The following are additional arguments:

1. Any claims Indian Village may have had against Gold Strike 2007, prior to bankruptcy, to rescind the foreclosure are now moot because Mr. Farrar has the protection of a *bona fide* purchaser. In the absence of a lis pendens, his interest as Trustee in the subject property is free and clear of Indian Village's claims.

2. As *bona fide* purchaser, Mr. Farrar is entitled to the conclusive presumption under California Civil Code section 2924(c) that there was no defect in the notices of default and the sale that issued in the foreclosure process. Nothing in Indian Village's opposition shows that there are disputed material facts.

3. The identity of the initiating and purchasing party at the foreclosure sale and any information, other than what is stated in the Trustee's Deeds Upon Sale, are immaterial in this case because the property has been later conveyed to a bona fide purchaser (the Trustee) without notice of the dispute.

4. Constructive notice of a lawsuit affecting title or possession of real property is given by filing a Notice of pendency of Action pursuant to California Code of Civil Procedure sections 405-405.24. The failure to file a lis pendens means that no constructive notice of the lawsuit is given and, in a quiet title action, any judgment is non-binding against persons with a recorded interest. Cal. Code Civ. Proc. Section 764.045(a). Even if the Chapter 7 Trustee should have "researched" the status of the entity he was purchasing from, in this case that entity would have been Debtor Gold Strike 2007, not Gold Strike 2002.

5. Mr. Farrar as the *bona fide* purchaser of the subject property has an independent right to rely on the recitals in the trustee's deeds of sale that the foreclosure was valid. Cal Civ. Code Section 2924(c). This presumption, coupled with Indian Village's failure to provide constructive notice via a lis pendens means that the Trustee's interest in the subject property is free of the claims by Indian Village.

6. Mr. Farrar complied with Rule 26, Indian Village has not and Indian Village alone should be bared from introducing evidence.

**DEFENDANT-TRUSTEE'S OBJECTION TO PLAINTIFF'S EVIDENCE**
**IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

Defendant-Trustee objects to the declarations of Don Lee and Mark Weiner in their entirety on the ground that they are irrelevant. Fed. R. Evid. 401(b). In order to be relevant, a fact must be "of consequence in determining the action." The contents of the declarations of Mr. Lee and Mr. Weiner all refer to the alleged dispute regarding the relationship between Gold Strike 2007 and Gold Strike 2002. These facts fail to establish that the Chapter 7 Trustee had constructive notice of the dispute in light of Indian Village's failure to file and record a Notice of Pendency of Action and

because they are not apparent on the face of the Trustee's Deeds upon sale which contain recitals that establish a conclusive presumption that there are no defects in the foreclosure documents.

Defendant-Trustee objects to the documents contained in Indian Village's Request for Judicial Notice on the grounds that they are irrelevant. Fed. R. Evid. 401(b). Under California Civil Code section 2924(c) the Chapter 7 Trustee, as a *bona fide* purchaser, is entitled to rely on the Trustee's Deeds as conclusive evidence against the defects alleged in the other foreclosure documents. The Certificate of Status of Gold Strike 2002 and Gold Strike 2007 filed as Exhibit A of Indian Village's original complaint is irrelevant to the recorded foreclosure document.

## SUMMARY JUDGMENT STANDARD

In an adversary proceeding, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), *incorporated by* Fed. R. Bankr. P. 7056. The key inquiry in a motion for summary judgment is whether a genuine issue of material fact remains for trial. Fed. R. Civ. P. 56(c), *incorporated by* Fed. R. Bankr. P. 7056; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986); 11 James Wm. Moore et al., Moore's Federal Practice § 56.11[1][b] (3d ed. 2000) ("Moore").

"[A dispute] is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute [over a fact] is 'material' only if it could affect the outcome of the suit under the governing law." *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir. 2008) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party moving for summary judgment bears the burden of showing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To support the assertion that a fact cannot be genuinely disputed, the moving party must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A), *incorporated by* Fed. R. Bankr. P. 7056.

In response to a properly submitted motion for summary judgment, the burden shifts to the

1  nonmoving party to set forth specific facts showing that there is a genuine dispute for trial. *Barboza*,
2  545 F.3d at 707 (*citing Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002)).
3  The nonmoving party cannot rely on allegations or denials in the pleadings but must produce specific
4  evidence, through affidavits or admissible discovery materials, to show that a dispute exists. *Id.*
5  (*citing Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991)). The nonmoving party "must
6  do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*
7  *Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In ruling on a summary judgment motion, the court must view all of the evidence in the light most favorable to the nonmoving party. *Barboza*, 545 F.3d at 707 (*citing Cnty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001)). The court "generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented." *Agosto v. INS*, 436 U.S. 748, 756 (1978). "[A]t the summary judgment stage[,] the judge's function is not himself to weigh the evidence and determine the truth of the matter[,] but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

This adversary proceeding is merely another step in a long, drawn out, and ongoing legal and personal battle between Mark Weiner, the homeowners association for that development purported to be controlled by local residents, and Don Lee. Gold Strike 2007 filed for bankruptcy on August 20, 2015, and this case was removed to this Bankruptcy Court in November of 2015. Defendant-Trustee, as the Trustee for Gold Strike 2007's estate has inherited the responsibility to assert and defend the rights and interests of the bankruptcy estate.

**First Cause of Action: Declaratory Relief**

The First Cause of Action is titled as Declaratory Relief - seeking a determination from the court:

    A.    Whether Gold Strike 2002 and Gold Strike 2007 are separate entities, or Gold Strike 2007 is the successor entity to Gold Strike 2002;

    B.    Whether Gold Strike 2002 could conduct a non-judicial foreclosure sale on the 31 lots when it was a suspended corporation;

    C.    Whether Gold Strike 2007 conducted the non-judicial foreclosure sale; and

      D.      Whether Gold Strike 2002 could transfer title to the 31 lots, when its corporate powers were suspended to Gold Strike 2007.

While the Plaintiff is enamored with wanting to address these issues for purposes of obtaining a declaration from the court, they do not state grounds upon which declaratory relief may be sought.

Declaratory relief is an equitable remedy distinctive in that it allows adjudication of rights and obligations on disputes regardless of whether claims for damages or injunction have arisen. *See* Declaratory Relief Act, 28 U.S.C. § 2201.[1] "In effect, it brings to the present a litigable controversy, which otherwise might only be tried in the future." *Societe de Conditionnement v. Hunter Eng. Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981). The party seeking declaratory relief must show (1) an actual controversy and (2) a matter within federal court subject matter jurisdiction. *Calderon v. Ashmus*, 523 U.S. 740, 745 (1998). There is an implicit requirement that the actual controversy relate to a claim upon which relief can be granted. *Earnest v. Lowentritt*, 690 F.2d 1198, 1203 (5th Cir. 1982).

The court may only grant declaratory relief where there is an actual controversy within its jurisdiction. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). The controversy must be definite and concrete. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937). However, it is a controversy in which the litigation may not yet require the award of damages. *Id.*

---

[1] 28 U.S.C. § 2201. Creation of remedy

(a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

(b) For limitations on actions brought with respect to drug patents see section 505 or 512 of the Federal Food, Drug, and Cosmetic Act, or section 351 of the Public Health Service Act.

Here, the shots have been fired and battlefield set. It is the actual rights and interests in the 31 lots which must be adjudicated, not what might be the rights of the parties in the future, if in the future Gold Strike 2002 were to conduct a sale or was to record deeds. These issues, and the determination thereof, are elements of a quite title action or other claim, not an independent claim for declaratory relief.

**Second Cause of Action: to Set Aside Trustee's Sale**

In the Second Cause of Action, Indian Village asserts that Gold Strike 2002, Gold Strike 2007, and Community Assessment Recovery Services did not have the right and power to conduct a sale of the 31 lots. This was because: (1) Gold Strike 2002 had it corporate powers suspended; and (2) No assessment for fees, upon which the alleged foreclosure was based, had been set by Gold Strike 2002 or Gold Strike 2007.

Indian Village alleges that it acquired title to the 31 lots in 2004. Thus, this Second Cause of Action, titled to "set aside" the sale is actually one to quite title, asserting that the foreclosure deeds are of no force and effect. This is contrasted with admitting that a sale occurred, but that the sale may be "unwound."

**Third Cause of Action: To Cancel Trustee's Deed**

The Third Cause of Action seeks to "cancel" the Trustee's Deeds for the 31 lots. However, it is alleged that the deeds are void and did not work to transfer any interest in the 31 lots. Rather than "cancelling" the Trustee's Deeds, this appears to be a restated version of the Second Cause of Action, which is to determine that the Trustee's Deeds are void and quite title as between the estate and Indian Village. (Seeking to "cancel" a deed connotes an admission that the deed validly transferred an interest, but must be rescinded.)

**Fourth Cause of Action: Wrongful Foreclosure**

In this Fourth Cause of Action, the general allegation is made that Gold Strike 2007 engaged in a "fraudulent foreclosure" on the 31 lots. It is asserted that none of the Defendants had the right and ability to declare a default and foreclose on the lots. It is asserted that there are some damages which flow from the foreclosure.

///

**Fifth Cause of Action: Quiet Title**

In the Fifth Cause of Action, Indian Village requests that the court quite title to the 31 lots as between the Plaintiff and the Defendants. It is alleged that none of the Defendants did, or could have, acquired any interest in the 31 lots by virtue of the non-judicial foreclosure sales.

**Sixth Cause of Action: Slander of Title**

In the Sixth Cause of Action, Indian Village asserts that the deeds recorded for the 31 lots has clouded Indian Village's title, and that such recorded non-judicial foreclosure deeds are actionable for damages arising therefrom.

**Basis for Summary Judgment**

The Defendant-Trustee's basis for summary judgment is quite simple - the bankruptcy trustee is clothed in the purity of the statutory *bona fide* purchaser for value of real property status provided in 11 U.S.C. § 544(a)(3). Though the state court action was filed, no *lis pendens* was recorded by Plaintiff as of the commencement of this bankruptcy case. The Defendant-Trustee further argues that pursuant to California Civil Code § 1214, a *bona fide* purchaser for value takes title to real property free and clear of all unrecorded interests. It is further contended that the presumptions in California Civil Code § 2924(c) place the non-judicial foreclosure deeds beyond question.

Indian Village's opposition to the Motion is devoid of any discussion of the *bona fide* purchaser for value status of the bankruptcy trustee, the rights of a *bona fide* purchaser for value set forth in California Civil Code § 1214, or the statutory presumptions provided in California Civil Code § 2924(c). Indian Village ignores these arguments and the recorded deeds, but attacks the non-real property record foreclosure process and the corporate status of Gold Strike 2002.

11 U.S.C. § 544. 11 U.S.C. § 544(a)(3) provides that:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by...

> ...a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

///

The court next turns to California Civil Code 1214, which is one of the key foundations of the Motion of the Defendant-Trustee, states:

> § 1214. Unrecorded conveyance void as to subsequent purchaser or mortgagee
>
> Every conveyance of real property or an estate for years therein, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action.

There does not appear to be any dispute that the transfer of interest to Indian Village was recorded, leaving the court at a bit of a loss as to why or how this section is applicable to the dispute. The Defendant-Trustee cannot assert that Indian Village is asserting an interest based on an unrecorded deed. In the Motion, the Defendant-Trustee too broadly states the effect of California Civil Code § 1214, paraphrasing it as, "California law provides that a bona fide purchaser without notice of the dispute takes title free and clear of the competing interest. Cal. Civil Code § 1214...." It is unrecorded competing interests, not any and all competing interests.

The Defendant-Trustee next builds his BFP argument on California Civil Code § 2924(c), asserting that the trustee's deeds from the non-judicial foreclosure sale are irrefutable proof that the foreclosure sale properly occurred for the purposes of a *bona fide* purchaser for value asserting its interest in property. California Civil Code §2924(c) [emphasis added] provides:

> (c) A recital in the deed executed pursuant to **the power of sale of compliance with all requirements of law regarding the mailing of copies of notices** or the **publication of a copy of the notice of default** or the **personal delivery of the copy of the notice of default** or the **posting of copies of the notice of sale** or the **publication a copy** shall constitute **prima facie evidence of compliance with these requirements** and **conclusive evidence thereof in favor of bona fide purchases and encumbrancers for value and without notice.**

The core of the dispute in this Adversary Proceeding is the contention that Gold Strike 2007 had the right and power to conduct a non-judicial foreclosure sale, and that Community Assessment Recovery Services could properly exercise that power. The issue is not whether notices were mailed, publications made, personal delivery completed, notices posted, or notices published - the statutory presumptions. The Defendant-Trustee overstates this statutory provision, asserting, "However, Mr. Farrar, as the *bona fide* purchaser of the subject property has an independent right to rely on the

13

recitals in the trustee's deeds of sale that the foreclosure was valid." In substance, the Defendant-Trustee argues that a forged, fraudulent trustee's deed is made valid merely because the thief is able to sell the property to an innocent, *bona fide* purchaser for value, defeasing the actual owner of right, title and interest.

Who purported to conduct the sale is the issue. The Defendant-Trustee asserts that it was Gold Strike 2007, and cites the court to the amendment to the Declaration of Restrictions for Gold Strike 2007, which states,

> WHEREAS, on May 15, 2007 **a new corporation was formed to succeed In Interest** the suspended corporation formed by WESTWIND DEVELOPMENT, INC., and
>
> WHEREAS, the new corporation formed in May of 2007 identified as the **GOLD STRIKE HEIGHTS HOMEOWNERS ASSOCIATION is the full successor in Interest to the old corporation** Identified as the GOLD STRIKE HEIGHTS ASSOCIATION formed in March of 2002 by WESTWIND DEVELOPMENT, INC" and
>
> ...
>
> NOW, THEREFORE, said "DECLARANT" hereby certifies and declares the following amendments to the heretofore recorded restrictions:
>
> Article 1, Section 1.3, page 2, the following changes are to be made:
>
> "GOLD STRIKE HEIGHTS ASSOCIATION, a California nonprofit benefit corporation" shall be changed to read: "GOLD STRIKE HEIGHTS HOMEOWNERS ASSOCIATION, a California nonprofit benefit corporation".
>
> This amendment shall become a part and portion of said heretofore recorded "Declaration of Restrictions" (CC&Rs) recorded in the County of Calaveras on March 13, 2002."

Exhibit C, Dckt. 35.

Countering this document is the testimony under penalty of perjury of Mark Weiner (Dckt. 45) and Don Lee (Dckt. 46) which state that the two of them formed Gold Strike 2007. That each have remained members of the Gold Strike 2002 and that no rights were transferred to Gold Strike 2007. Neither testifies to how and what they mean by saying no rights were transferred, when the Amendment to Declaration of Restrictions was filed which state that Gold Strike 2007 is the "full successor in interest" to Gold Strike 2002 or that the name "Gold Strike Heights Homeowners Association" replaces "Gold Strike Heights Association in the Restrictions."

While the testimony under penalty of perjury by Mr. Weiner and Mr. Lee may appear suspect,

14

such requires a credibility determination by the court. There is some evidence presented by these two witnesses. The court reserves, and must determine, the credibility of this testimony at trial.

**Denial of Motion for Summary Judgment**

The court denies the Motion for Summary Judgment. Pursuant to Federal Rule of Civil Procedure 56(g), the court shall enter an order on the motion determining all of the undisputed facts set forth above as finally determined for all purposes of this Adversary Proceeding.

This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law in ruling on this Motion for Summary Judgment.

Dated: August 17, 2016

RONALD H. SARGIS, Chief Judge
United States Bankruptcy Court

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| Debtor(s) | Attorney for the Debtor(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| James L. Brunello<br>P.O. Box 4155<br>El Dorado Hills, CA 95762 | Ricardo Z. Aranda<br>Neumiller & Beardslee<br>P.O. Box 20<br>Stockton, CA 95201-2030 |